IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS,** | |
| Plaintiff, | |
| v. | Case No. 23-cv-2061-NJR |
| **ANTHONY WILLS, C/O CHOATE, OFFICER BAKER, OFFICER LIGHTFOOT, OFFICER UPTON, JOHN/JANE DOE 1 and 2,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Daniels alleges Defendants were deliberately indifferent to his conditions of confinement while housed in a suicide cell at Menard. He asserts claims against the defendants under the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Daniels makes the following allegations: On March 26, 2023, a prison guard came to Daniels's cell and directed him to take a TB (tuberculosis) shot (Doc. 4, p. 4). Daniels refused because he previously had an allergic reaction from the shot and has not taken one since 2017. In response to his refusal, Daniels was moved to North 2 Restrictive Housing Unit to a condemned suicide watch cell (*Id*. at p. 5). The cell lacked running water and a working toilet (*Id*.). The toilet had feces in it and the light in the cell remained on 24/7 (*Id*.). Although placed in a suicide cell, Daniels never met with mental health staff, and he did not tell anyone that he was suicidal. He was denied access to his property, including legal property (*Id*.). Daniels alleges that he was placed in the suicide cell by John Doe #2 shift review officer as an act of retaliation.

In addition to being placed in the suicide watch cell, Daniels alleges that numerous officers have denied him access to lunch and dinner trays (*Id*. at pp. 5-6). Starting on March 27, 2023, correctional officer ("C/O") Baker refused to provide Daniels with a lunch tray two days out of the week (*Id*. at p. 5). This continued to occur from March 27, 2023 until April 15, 2023 (*Id*.). C/O Choate also refused to provide him with lunch five days out of the week from March 29, 2023, until April 15, 2023. Both officers would place "blank" (the Court presumes empty) food trays in Daniels's cell (*Id*. at p. 5).

In addition to being denied lunch trays, Daniels alleges that five days out of the week, C/O Lightfoot placed empty dinner trays in his cell from March 29, 2023, until April 14, 2023. C/O Upton also refused Daniels dinner trays two days out of the week

during the same time period (*Id*. at p. 6). Both placed empty food trays in Daniels's cell (*Id*.).

On April 16, 2023, Defendants provided Daniels with food trays. They informed Daniels that they were feeding him because "some special visitors [were] coming to Menard." (*Id*. at p. 6). Starting on April 27, 2023, however, Defendants refused Daniels trays on all three shifts (*Id*.). Daniels alleges that he has not received any food trays as of the date he drafted his Complaint.

In addition to the lack of food trays, Daniels alleges that his suicide watch cell lacks running water and a working toilet (*Id*. at p. 6). The light in the cell is on 24 hours a day (*Id*.). Daniels also lacks access to the yard and showers (*Id*.). Daniels spoke with Warden Wills on April 5, 2023, and April 12, 2203, but Wills refused to remedy the situation (*Id*. at p. 7).

## **Preliminary Dismissals**

Although Daniels lists John/Jane Doe Third Shift Officers ("John/Jane Doe #1") in the caption of his Complaint, he fails to raise any allegations against this individual or individuals in his statement of claim. To the extent that this John/Jane Doe #1 is a placeholder for a group of individuals, Daniels fails to state a claim. Although Daniels may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), "third shift officers" is too generic to survive threshold review because he does not describe the officers or even state the number of them.

Further, to the extent that Daniels alleges that John/Jane Doe #2 shift review officer retaliated against him by placing him in the suicide watch cell, he also fails to state

3

a claim. In order to state a First Amendment retaliation claim, a plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The plaintiff must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). It is not clear from the Complaint that Daniels is alleging his refusal to take a vaccination or submit to a medical test constituted First Amendment protected activity. Thus, at this stage, Daniels fails to state a claim.

Daniels further fails to state a claim regarding his lack of access to his legal property. Daniels fails to indicate who denied him access to his legal property. Further, to the extent he attempts to raise an access to courts claim, he fails to allege that he suffered a detriment due to the lack of access. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (The complaint "must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.") (internal quotation and citation omitted); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (articulating two-part test for access-to-courts claim: officials must have failed to assist in the preparation and filing of legal materials and the plaintiff must show he suffered a detriment caused by the failure).

Thus, John/Jane Doe #1, John/Jane Doe #2, and any claim regarding his lack of access to legal properties is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against C/O Baker, C/O Choate, C/O Lightfoot, C/O Upton and Warden Anthony Wills for denying Daniels access to food trays, placing him in a suicide cell without water and working toilet, and denying him access to yard and showers.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Daniels states a viable claim for deliberate indifference to his conditions of confinement against Defendants Baker, Choate, Lightfoot, Upton, and Anthony Wills.

## Pending Motions

In addition to his Complaint, Daniels filed a motion for preliminary injunction (Doc. 1). Daniels alleges that he remains in a suicide cell which is dirty, lacks running

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

water and a working toilet, and has a light that stays on 24 hours a day (Doc. 1, p. 2). Most concerning, Daniels alleges that from March 27, 2023, until April 15, 2023, he received empty food trays on all three shifts, essentially being denied access to meals during that time period. Although he alleges that he received meals for a short period of time after April 15, as of April 27 (more than two months), he has been refused food trays. He also lacks access to a shower and the yard (*Id.*). Given the concerning nature of Daniels's allegations, the Court **DIRECTS** Defendant Anthony Wills to respond to Daniels's motion (Doc. 1) in an expedited fashion. Wills's response is due on or before **July 14, 2023**. Because Wills is unlikely to receive service by that date, the Clerk of Court is **DIRECTED** to mail a copy of this Order and Daniels's motion for preliminary injunction (Doc. 1) to both Wills and the Illinois Attorney General's Office.

## Disposition

For the reasons stated above, Count 1 shall proceed against Baker, Choate, Lightfoot, Upton, and Anthony Wills (both in his individual capacity and in his official capacity for the purpose of implementing any injunctive relief awarded). John/Jane Doe #1 and #2 are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Baker, Choate, Lightfoot, Upton, and Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Daniels. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Daniels, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Daniels, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Daniels is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 30, 2023**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**