IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, **Plaintiff,** v. ANTHONY WILLS, TYSON CHOATE, QUINN BAKER, C/O MODGLIN, and JAKOB UPTON,[1] **Defendants.** | Case No. 23-cv-2061-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Daniels alleged the defendants acted with deliberate indifference when they placed him in a suicide cell without water and a working toilet, denied him access to the yard and showers, and denied his access to food trays. After a review of the claims, the Court found that Daniels stated the following claim:

> Count 1: Eighth Amendment deliberate indifference claim against Quinn Baker, Tyson Choate, Officer Modglin, Jakob Upton, and Warden Anthony Wills for denying Daniels access to food trays, placing him in a suicide cell without water and working toilet, and denying him access to yard and showers.

---

[1] The defendants have identified themselves by their proper names: Anthony Wills, Quinn Baker, Tyson Choate, and Jakob Upton. The Clerk of Court is **DIRECTED** to **CORRECT** the docket to replace the defendants' proper names.

## DISCUSSION

Daniels filed his motion for preliminary injunction (Doc. 1) more than a week before he filed his Complaint (Doc. 4). Daniels alleged that he was placed in North 2 Restrictive Housing Unit in response to his refusal to take a TB (tuberculosis) shot (Doc. 4, p. 2). According to his Complaint, he was placed in a condemned suicide watch cell that lacked running water and a working toilet (*Id.* at p. 2). The lights were on 24-hours a day, and Daniels lacked access to the yard and showers (*Id.* at p. 3). While housed in the unit, correctional officers Baker and Choate denied him access to food trays on numerous occasions (*Id.*). Daniels further alleged that Modglin and Upton provided him with empty trays, denying him access to meals on various occasions.

At the time he filed his motion, Daniels was still housed in the condemned cell. Given the troubling nature of the allegations in the Complaint and motion, the Court ordered the defendants to file a response to the motion for preliminary injunction. Defendants filed a response in opposition to the motion (Docs. 22, 23). On August 3, 2023, the Court held an evidentiary hearing. After the hearing, the parties submitted supplemental briefs (Docs. 34, 35, 36). The Court then set the matter for a second evidentiary hearing (Doc. 38). After notice of the second hearing was issued, Defendants filed a supplemental response indicating that Daniels was moved from his current cell to another gallery (Doc. 44). The response included an affidavit from Major Chad Hasemeyer who attests that on August 15, 2023, Daniels was moved from North 2, 5 gallery to North 2, 6 gallery (Doc. 44-1). Daniels's current cell has a working light, one that is not on 24 hours per day. Daniels is also accepting meals, has access to showers twice per week, and access to the yard three times per week (*Id.*).

Simply put, Daniels's request for injunctive relief is now moot. *Higgason v. Farley*,

83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'"). Although Daniels did not transfer to another prison, he has now been transferred out of the cellhouse at issue, and there is no indication that he will be transferred back to 5 gallery. The gallery where Daniels is currently located is not a suicide cell, nor does it have a light on 24-hours a day like the previous cell. It also appears that Daniels is receiving timely meals and access to showers and the yard. Thus, Daniels has received the relief that he was looking for in the form of a transfer to another cell, and there is no indication at this time he "will again be subject to the alleged illegality." *Higgason*, 83 F.3d at 811. Although Daniels also requested a transfer to another prison (Doc. 1, p. 4), he has not shown that a transfer to another prison is warranted at this time. *See Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) ("Under the PLRA injunctive relief to remedy unconstitutional prison conditions must be 'narrowly drawn,' extend 'no further than necessary' to remedy the constitutional violation, and use the 'least intrusive means' to correct the violation of the federal right.").

## CONCLUSION

For these reasons, the Court **DENIES** as moot Daniels's motion for preliminary injunction (Doc. 1) and **CANCELS** the hearing set on September 13, 2023, as well as the previously issued writs for inmate witnesses at that hearing.

**IT IS SO ORDERED.**

DATED: August 25, 2023

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**